*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* HERNANDEZ, Minors.

UNPUBLISHED
October 27, 2022

No. 361200
Kalamazoo Circuit Court
Family Division
LC No. 2019-000223-NA

Before: SHAPIRO, P.J., and GADOLA and YATES, JJ.

PER CURIAM.

Respondent-father appeals by right from the trial court's order terminating his parental rights to five minor children pursuant to MCL 712A.19b(3)(c)(*i*) (the conditions that led to adjudication continue to exist), MCL 712A.19b(3)(c)(*ii*) (other conditions exist that cause the child to come within the court's jurisdiction), and MCL 712A.19b(3)(j) (likelihood of harm to the child if returned to the parent).[1] On appeal, respondent challenges only the adjudication, arguing that his plea was not knowingly and understandingly made because he was not advised of his appellate rights. For the reasons stated in this opinion, we affirm.

## I. BACKGROUND

On June 25, 2019, the Department of Health and Human Services petitioned to remove the five children from their mother's care. The trial court authorized the petition and placed the children with respondent. On August 13, 2019, a supplemental petition was filed seeking to remove the children from respondent's care. The petition alleged that respondent had twice tested positive for drugs while the children were in his care, placing them at a "significant risk of harm." One test was positive for THC and methamphetamine, and another test was positive for THC and cocaine. The petition also alleged that respondent allowed the mother access to the children in violation of court order, was overwhelmed taking care of the children, and was unable to provide them proper care.

---

[1] The trial court also terminated the parental rights of the children's mother in the same proceedings. She is not a party to this appeal.

On October 2, 2019, respondent entered a plea of admission that he was the children's legal father and pleaded no contest to the allegations regarding the two positive drug tests, with the parties' agreeing to strike the word "significant" from the allegations so that respondent would plead no contest only to placing the children at a "risk of harm." As a factual basis for the plea, the trial court relied on the positive drug-test results and the "social work contacts" establishing that the children were in respondent's care at the time of the positive tests. The court assumed jurisdiction over the children on the basis of an unfit home environment. See MCL 712A.2(b)(2).

Respondent initially made progress toward reunification, but in April 2021 the trial court authorized a goal change from reunification to adoption because of respondent's failure to comply with and benefit from the case service plan. After a two-day termination hearing, the trial court found that clear and convincing evidence supported terminating respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*) and (j), and that termination was in the children's best interests.

## II. DISCUSSION

Respondent argues that his plea should be vacated because the trial court failed to advise him of his appellate rights under MCR 3.971(B)(6). We conclude that respondent fails to demonstrate outcome-determinative prejudice from this error and is therefore not entitled to relief under plain-error review.[2]

If the trial court authorizes a petition initiating child protective proceedings, the respondent parent "may demand a trial (i.e., an adjudication), and contest the merits of the petition." *In re Sanders*, 495 Mich 394, 405; 852 NW2d 524 (2014). Alternatively, a respondent parent may waive his or her right to an adjudication trial and enter a plea of admission or no contest to allegations in the petition. See *In re Pederson*, 331 Mich App 445, 464; 951 NW2d 704 (2020); MCR 3.971(A). Such pleas grant the trial court jurisdiction over the child and allow the court to enter dispositional orders affecting the parent. See *In re Sanders*, 495 Mich at 406-407. MCR 3.971 and due process requires that a respondent's plea be voluntarily and knowingly made. See *In re Ferranti*, 504 Mich 1, 21; 934 NW2d 610 (2019); MCR 3.971(D)(1).

MCR 3.971(B) outlines the advice of rights that must be given to a respondent making a plea. At the time of respondent's plea, MCR 3.971(B)(6) provided that before accepting a plea the trial court must advise the respondent "that appellate review is available to challenge a court's initial order of disposition following adjudication, and such a challenge can include any issues

---

[2] This issue is unpreserved because respondent did not move to withdraw his plea or otherwise object to the advice of rights given by the trial court. See *In re Pederson*, 331 Mich App 445, 462; 951 NW2d 704 (2020). Unpreserved issues are reviewed for plain error affecting substantial rights. See *id*. at 463. Plain error requiring reversal occurs if the following four requirements are met: (1) error must have occurred; (2) the error was plain, i.e., clear or obvious; (3) the error affected substantial rights; and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings. *Id*. "An error has affected a party's substantial rights when there is a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. (quotation marks and citation omitted).

leading to the disposition, including any errors in the adjudicatory process." MCR 3.971(B)(6), as amended June 12, 2019, 504 Mich cv (2019). The trial court did not advise respondent of his appellate rights related to the adjudication. This was error. However, per MCR 3.971(C) the trial court's failure to comply with MCR 3.971(B)(6) allows respondent to challenge the assumption of jurisdiction in this appeal. See MCR 3.971(C) as amended June 12, 2019, 504 Mich cv (2019) ("[T]he respondent may challenge the assumption of jurisdiction in an appeal from the order terminating respondent's parental rights if the court fails to properly advise the respondent of their right to appeal pursuant to subrule (B)(6)-(8).").[3]

Relying on *In re Ferranti*, 504 Mich 1, respondent argues that the trial court's failure to comply with MCR 3.971(B)(6) renders his plea unknowing and involuntary. In that case, the Supreme Court held that the respondents' due-process rights were violated when "[i]n taking the respondents' pleas, the court did not advise them that they were waiving any rights[, n]or did the court advise them of the consequences of their pleas, as required by" MCR 3.971. *Id*. at 10. The Court determined that under these circumstances the respondents' pleas were not "knowingly, understandingly, and voluntarily made," and that the constitutional deficiencies required vacation of the order of adjudication. *Id*. at 30-31.

In *In re Pederson*, 331 Mich App 445, this Court clarified that a deviation from the advice of rights required by MCR 3.971(B) does not necessarily require reversal. In that case, the trial court failed to advise the respondents of the consequences of their plea pursuant to MCR 3.971(B)(4). See *id*. at 462. But, in contrast to *In re Ferranti*, the respondents were informed of the rights outlined in MCR 3.971(B)(3), "including their rights to a trial by judge or jury, to have witnesses against them appear, and to subpoena witnesses." *Id*. at 467-468. This Court explained that "[t]he rights outlined in MCR 3.971(B)(3) are particularly important because they directly relate to the adjudicative stage of the child-protective proceeding." *Id*. at 466-467. "Thus," this Court reasoned, "unlike in *In re Ferranti*, the adjudicative stage was not tainted by the trial court's failure to advise respondents of their rights under MCR 3.971(B)(4). Rather, respondents were aware that they were giving up the right to an adjudication trial before entering pleas." *Id*. at 469. Ultimately, this Court determined that the respondents did not demonstrate outcome-determinative prejudice under plain-error review. *Id*. at 470.

In this case, although the trial court did not inform respondent of his appellate rights related to the adjudication as required by MCR 3.971(B)(6), the court complied with the requirements of MCR 3.971(B)(3) by informing respondent of the rights he was giving up by entering a plea of no contest. Further, respondent is not challenging the trial court's compliance with any other provision of MCR 3.971. Accordingly, this case is unlike *In re Ferranti*, where the trial court completely failed to comply with MCR 3.971. Rather, this case is more similar to *In re Pederson* where the trial court complied with MCR 3.971(B)(3), but not with a different subsection of MCR 3.971(B). Accordingly, we conclude that as in *In re Pederson*, respondent must demonstrate outcome-determinative prejudice from the trial court's error.

---

[3] There have been numerous amendments to MCR 3.971 since the date of respondent's plea, but they are not material to the issue before us.

Respondent does not challenge that clear and convincing evidence supported termination of his parental rights. Nor does he argue that he would not have pleaded no contest had he been informed of his right to appeal the adjudication following the order of disposition. See *In re Pederson*, 331 Mich App at 471. Instead, respondent suggests that he may have exercised that right had he been so informed because there was an inadequate factual basis for his plea.

 "A respondent may make a plea of admission or of no contest to the original allegations in the petition." MCR 3.971(A). A trial court must establish the accuracy of the plea in accordance with MCR 3.971(D)(2), which provides:

> The court shall not accept a plea of admission or of no contest without establishing support for a finding that one or more of the statutory grounds alleged in the petition are true, preferably by questioning the respondent unless the offer is to plead no contest. *If the plea is no contest, the court shall not question the respondent, but, by some other means, shall obtain support for a finding that one or more of the statutory grounds alleged in the petition are true*. The court shall state why a plea of no contest is appropriate. [Emphasis added.]

Respondent argues that there was not an adequate factual basis for his plea because there was no evidence that he used drugs in the children's presence, or that they were otherwise aware of his drug use. We disagree. To begin, respondent incorrectly asserts that there were only two exhibits, i.e., the two positive drug tests, offered into evidence to substantiate the allegations that his drug use posed a risk of harm to the children. This overlooks that there was a third exhibit admitted, i.e., the "social work contacts," establishing that respondent had the children in his care when the positive drug tests occurred. And the consumption of cocaine and methamphetamine at a time when the five children were placed in respondent's home is enough to substantiate the allegations that his drug use placed the children at a risk of harm, regardless whether the children were physically present when respondent was under the influence. Further, the evidence supported the trial court's assumption of jurisdiction on the basis that there was an unfit home environment "by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian . . . ." MCL 712A.2(b)(2). Accordingly, the trial court did not err by concluding that there was an adequate factual basis "for a finding that one or more of the statutory grounds alleged in the petition are true." MCR 3.971(D)(2).[4]

Given that there was a proper factual basis for the plea, respondent cannot show that an appeal on that basis following the adjudication would have been successful and so cannot establish outcome-determinative prejudice. Nor does he explain how the trial court's failure to advise him of his appellate rights renders his plea involuntarily or unknowingly made. Under MCR 3.971(C), respondent may challenge the assumption of jurisdiction in this appeal, and he fails to identify any

---

[4] Even assuming there was an inadequate factual basis for respondent's plea, the amended petition also alleged that respondent was overwhelmed taking care of the children, unable to provide them proper care and had violated a court order by allowing the children's mother access to them. Respondent does not dispute that petitioner would have been able to offer proofs on these allegations had the case proceeded to an adjudication trial. And these allegations, if proven, would have provided additional evidence for the trial court to assume jurisdiction over the children.

adjudicatory errors aside from the lack of compliance with MCR 3.971(B)(6).  Accordingly, he is not entitled to relief under plain-error review.

   Affirmed.


              /s/ Douglas B. Shapiro
              /s/ Michael F. Gadola
              /s/ Christopher P. Yates